## TEXAS EMPLOYERS' INS. ASS'N v. EZELL.
### (No. 1025—5203.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

Eskridge & Williams, of San Antonio, for plaintiff in error.

Gordon Gibson, of Laredo, for defendant in error.

SPEER, J. The case is thus fully stated by the Court of Civil Appeals:

"R. A. Ezell, Jr., was an employee of Hel-denfels Bros. who were operating an industry in the town of Rockport, in Aransas county. The industrial concern was a 'subscriber' under the Texas Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), and, as such, was insured by the Texas Employers' Insurance Association. Ezell, the employee, was covered by this insurance, and was injured in the course of that employment on April 7, 1926. In due season he filed a claim for compensation with the State Industrial Accident Board, which awarded him compensation in the form of weekly payments at the rate of $17.31 per week for not to exceed.401 weeks, beginning April 15, 1926, the insurance association, against whom the award was made, made no timely complaint therein, and the award became final and binding upon the association, as provided in section 5, art. 8307, R. S. 1925.

"The insurance association failed and refused to make the accruing weekly payments decreed in the award, whereupon Ezell filed suit in the district court of Aransas county to mature the award, aggregating $6,943.32, and for judgment enforcing same, as provided in section 5a, art. 8307. That suit was instituted in vacation, on August 19, 1926, and on the same day the insurance association appeared and filed answer, consisting of general demurrer and general denial. Less than a week later, on August 25, an agreed judgment was entered in that suit, as follows:

"'Be it remembered that on this day, the 25th day of August, A. D. 1926, in vacation, and upon agreement of counsel, came on to be heard the above numbered and entitled cause, and no jury having been demanded, and both parties having appeared by counsel and announced ready for trial, and in open court represented to the court that all matters in controversy herein had been settled by agreement, which was substantially as follows:

"'That the final award of the Industrial Accident Board of the state of Texas made and entered on July 13th, A. D. 1926, in cause L–12872, entitled Robert A. Ezell, Jr., Employee, v. Heldenfels Bros., Employers, and Texas Employers' Insurance Association, as Insurers, should be set aside, and that judgment should be entered in this suit in favor of the plaintiff, Robert A. Ezell, Jr., against the defendant Texas Employers' Insurance Association, for the sum of $3,000, and costs of this court, which said agreement is in all things ratified and approved by this court.

"'Wherefore, in consideration of the premises, it is hereby ordered, adjudged, and decreed that in cause L–12872, entitled Robert A. Ezell, Jr., Employee, v. Heldenfels Bros., Employers, and Texas Employers' Insurance Association, Insurers, pending before the Industrial Accident Board of the state of Texas, and in which an award of said board was duly entered as of date July 13, A. D. 1926,

in favor of Robert A. Ezell, Jr., for compensation, the same be, and the same is hereby, set aside and held for naught, and of no further force or effect.

" 'It is further ordered, adjudged, and decreed that the plaintiff, Robert A. Ezell, Jr., do have and recover of and from the Texas Employers' Insurance Association the sum of $3,000 in full satisfaction of all claims and causes of action against the Texas Employers' Insurance Association or Heldenfels Bros. by reason of certain personal injuries received by the said plaintiff, Robert A. Ezell, Jr., while in the course of his employment for Heldenfels Bros., at Rockport, Tex., on or about the 6th day of April, A. D. 1926, said sum of $3,000 having been paid by the Texas Employers' Insurance Association in full satisfaction of all claims for compensation, damages, liabilities, interest, penalties, and attorney's fees.

" 'Said sum of $3,000 having already been paid the plaintiff, Robert A. Ezell, Jr., no execution will issue, and this judgment is declared paid and satisfied.

" 'The defendant, Texas Employers' Insurance Association, is to pay the court costs, for which the officers of this court may have their execution.'

"Nine months later Ezell instituted the present suit, in the same court, to set aside the judgment rendered in the former suit, contending that said judgment was void. From a judgment denying recovery to him, Ezell has appealed."

The Court of Civil Appeals reversed and remanded the cause, holding the judgment of August 25th void. 5 S.W.(2d) 594.

"If," as said by the Court of Civil Appeals, "the court was without jurisdiction to render the judgment now in question, that judgment is void, and may be set aside by direct attack, as is sought to be done in this action." That court may have as well added, "or be collaterally attacked wherever involved."

■ There is a distinction between jurisdiction as such and the *exercise* of jurisdiction. Jurisdiction, broadly stated, means the power to hear and determine. Jurisdiction, therefore, includes the power to determine rightfully or wrongfully. It would not be logical to say that jurisdiction attached only where the decision was right. It can make no difference how erroneous the decision may be; if the court has jurisdiction of the parties and subject-matter, its determination of the controversy is not void, and it can make no difference that the error of decision is apparent from the face of the record. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; Evans v. McKay (Tex. Civ. App.) 212 S. W. 680; 33 C. J. "Judgments," § 39.

■ There is no question but that the district court, in that proceeding culminating in the judgment of August 25th, had full jurisdiction of the parties. The subject-matter of the suit was the statutory right in Ezell to sue upon the order of the board "to collect the full amount" of the weekly or monthly payments awarded, "together with 12% penalties and attorneys' fees." Rev. Civ. Stat. art. 8307, § 5a. Now the matter in suit being the right of the plaintiff to collect the aggregate of the weekly payments awarded, plus the attorney's fee, any decision of the court that finally determines that right is the exercise of a proper jurisdiction. For a judgment awarding the full sum claimed, or one awarding any lesser amount, or one finding for the defendant, would be instances of the exercise of that jurisdiction, even though, under the facts in evidence, the particular decision should be erroneous.

■ The judgment is not void for another reason. Undoubtedly, the court had jurisdiction of the parties and over the cause of action asserted. There is nothing in the compensation statutes, or the law generally as to that, to prevent the parties from making any compromise and settlement of the suit they may choose to make. Undoubtedly the subject-matter of the suit was sufficient consideration for an agreed compromise, and there is no contention that the agreement was brought about by fraud, mutual mistake, or is otherwise subject to equitable attack. The jurisdiction of the court to determine the case at all includes the power to determine it finally upon agreement of the parties. This is the general rule, and we know of no reason why it should not apply to any and all cases where the parties are competent to contract.

■ The judgment of the Court of Civil Appeals reversing that of the trial court is erroneous for yet another reason. Where one invokes the jurisdiction of a court and recovers judgment in accordance therewith, he will not be heard thereafter to say such court had no jurisdiction and that its award to him was therefore void. Such course is condemned by the highest considerations of public policy. He is estopped to make such plea, and that estoppel was duly pleaded in this case and impliedly sustained by the trial court if such implications be necessary to sustain his judgment. See Spence v. State Nat. Bank (Tex. Com. App.) 5 S.W.(2d) 754.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.