## TEXAS EMPLOYERS INS. ASSN. v. MILLER.

### No. 3479.

Court of Civil Appeals of Texas. Beaumont.

July 6, 1939.

Rehearing Denied July 12, 1939.

894

David C. Marcus, of Beaumont, and Sewell, Taylor, Morris & Connally, of Houston, for appellant.

Glenn Faver, of Jasper, and J. Austin Barnes, of Beaumont, for appellee.

COMBS, Justice.

This is a Workman's Compensation insurance case. On jury findings of 50% partial incapacity, due to injury received in the course of employment, the trial court entered judgment in favor of appellee for compensation in the amount of $4.76 per week for 258 weeks.

Appellant's first proposition complains of the trial court's refusal to sustain its plea of compromise and settlement. The material facts pertinent to that issue are: The Industrial Accident Board denied appellee's claim in toto on the ground that he failed to establish by proof that his condition was the result of the claimed injury. Appellee gave notice of intention to appeal and in due time filed his suit in the District Court of Jasper County on May 13, 1938. Thereafter, on, July 13, 1938, appellant's claim agent concluded a settlement of the suit with appellee for the sum of $200, and further agreed to pay plaintiff's attorney, Mr. Glenn Faver, a fee to be fixed by the court, not to exceed one-third of the total recovery. The agreement was reduced to writing and was duly signed by appellee, and the $200 was paid to appellee. We will state further, although we do not consider it material to the law question involved, that Mr. Faver, the attorney of record for appellee, was not consulted in this matter, the agreement having been negotiated and concluded directly with appellee by appellant's claim agent. Thereafter, on July 25, 1938, appellant's attorney reported to the trial judge, Hon. F. P. Adams, that the agreement of compromise and settlement had been made and the $200 paid to appellee. Thereupon, Mr. Faver, attorney for appellee, objected to the settlement and stated to the court that he and his client would not be bound by it. The trial court refused to give effect to the settlement and ordered the case to stand for trial on its merits. Appellee did not plead or offer proof of fraud, accident or mistake in the making of the agreement nor change of condition. They simply took the position that the agreement was not binding.

Appellant urges several other assignments, and we will state the pertinent facts in connection with the discussion of the assignments.

Opinion.

Appellant, in its brief, states its contention on this point as follows: "While the Industrial Accident Board must approve a compromise settlement agreement of a claim pending before it, after hearing and passing on that claim and deciding that the claimant is entitled to nothing, and after the claimant has appealed therefrom and instituted suit in the district court to try his claim de novo, the case is the same as any other and the parties, if otherwise competent to do so, may settle and adjust their controversies and the court is bound to give effect to the agreement of the parties."

This contention is overruled. The statute empowers the Industrial Accident Board to approve compromise settlements. R.S.Civ.St.Art. 8307, Sec. 12. A settlement is a nullity until approved and a claimant may withdraw his assent to a settlement at any time before the Industrial Accident Board has approved it. Lawler's Texas Workmens Compensation Law, 524; Petroleum Casualty Co. v. Lewis, Tex.Civ.App., 63 S.W.2d 1066; Indemnity Ins. Co. v. Jones, Tex.Civ.App., 299 S.W. 674. Appellant fully concedes that it is not necessary for a claimant to show change of condition, mistake or fraud in order to exercise such right of withdrawal from unapproved compromise settlements affected before suit is filed. We can see no good reason why the same rule should not apply to settlements made after suit is filed. Judge Powell of the Commission of Appeals, in Employers' Indemnity Corp. v. Woods, 243 S.W. 1085, 1088, said with reference to the statute which requires approval by the Industrial Accident Board of compromise settlements: "We are much impressed with the idea that there is a large element of public interest in the administration of this Compensation Act. The only body which can protect the public is the Accident Board. It would be idle to expect the employer or the insurance company to exercise any particular degree of care in behalf of the public.

Their natural desire would be to get rid of the claim as economically as possible to themselves. It is also true that the injured employé is frequently tempted to accept a sum which, paid all at once, looks. large to him, and thereby, in fact, 'sell his birthright for a mess of pottage.' The Accident Board alone can protect the public interest and in a large measure save these claimants from themselves. Many of them do not need this protection. If so, the supervision of the Accident Board, at least, does no harm. To those who do need it, this supervision is exceedingly valuable."

■ In compensation cases appealed to the court, the trial is de novo and the court, with the exception of certain procedural and administrative details, peculiarly applicable to the Industrial Accident Board only, is vested with the powers and duties devolving in the first instance on the Board. The proceeding in the court being de novo is not in the nature of a review, with the limitations usually incident to that character of action, but is a trial of the issues. In general, the jurisdiction and powers of the court are as broad as those of the Board, and extend to all matters not given exclusively to the Board by the statute. Certainly, the considerations of public policy which make compromise settlements of claims unenforceable until approved by the Board are applicable as well to claims upon which suits have been filed as to those still within the jurisdiction of the Board. In the latter cases the Board is the approving agency, and in the former, where the jurisdiction of the court has attached, the court exercises that function. In neither tribunal does the general principle that compromise settlements between litigants are to be respected and enforced by the courts, without ascertainment of the rights and equities involved, have any application. The case of Texas Employers' Ins. Ass'n v. Ezell, Tex.Com.App., 14 S.W. 2d 1018, cited by appellant, is not in point. In that case the compromise settlement had been reduced to an agreed judgment, and the controlling question was the jurisdiction of the court to enter it. In principle, that case denies appellant's contention. The Commission of Appeals, after holding that the court did have jurisdiction, added (14 S.W.2d at page 1019): "The jurisdiction of the court to determine the case at all *includes the power to determine it finally upon agreement of the parties.*" (Italics ours.) .

■ Appellant next contends that the evidence wholly failed to show that appellee Miller sustained an accidental injury, or that his condition of incapacity resulted from injury. The assignment is overruled. Appellee was a log cutter and, according to this theory of the case, he suffered his injury while cutting logs. The day was very hot and he was working unusually fast in an effort to keep sufficient logs split to load trucks which were waiting. He testified that he was cutting a log, sawing down a tree which had to be cut near the ground, that while pulling and straining a pain hit him in the back of the head and he fell out, that is, became unconscious. Appellant makes no serious contention as to appellee's disability. It simply urged the theory that his condition was brought about wholly from some physical defect or disease, the immediate cause being probably a cerebral hemorrhage. Respective theories of the parties were submitted to the jury by appropriate issues and we think appellee's testimony and the corroborating testimony as to circumstances under which his physical disability began amply support the jury's findings.

■ There is also a contention that appellee did not give notice of his injury either to his employer or to the insurance company within thirty days from the occurrence of the alleged injury. That issue was also submitted to the jury and found in appellee's favor. It appears from the evidence that the foreman of the employer was present when he "fell out" and had to leave the job. Appellee told the foreman, Mr. Curry, that he had to go in, that his head was killing him. Without detailing the evidence at length on the point, we think it was sufficient to support the jury's finding.

■ There is also a contention that the jury's finding of a daily wage rate of $2.75 per day, without a finding on the weekly wage, affords no proper basis of recovery. That is to say, appellant contends that a finding of average weekly wage was essential to recovery and since the court did not submit, and appellee did not request the submission of such issue, it was waived. Appellant made no objection to the issue as submitted by any exception filed to the charge but raised the question only in the motion for new trial. We think the issue, as submitted, furnished a sufficient basis for computing the compensation rate. The wage rate was fixed

896

by the jury under subdivision 3 of section 1 of Art. 8309, methods 1 and 2 having been excluding on proper findings. The just and fair wage rate so fixed by the jury has ample support. The finding of the jury affords sufficient basis for recovery. Travelers' Ins. Co. v. Richmond, Tex.Com. App., 291 S.W. 1085; Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766.

All assignments are overruled.

Judgment affirmed.