## DE VITT et al. v. JOHNSON et al.
### No. 5428.

Court of Civil Appeals of Texas. Amarillo.
March 2, 1942.

Rehearing Denied April 6, 1942.

Vickers & Campbell, of Lubbock, for appellants.

Jack M. Randal and F. D. Brown, both of Lubbock, for appellee Sam C. Arnett, receiver.

E. L. Klett, of Lubbock, for appellees J. Lee Johnson, Jr., Mary Louise Johnson, Katherine Frances Johnson, Floy Johnson North, Mrs. Clay Parker, and Mrs. Pattie Byars.

JACKSON, Chief Justice.

The Mallet Land and Cattle Company is a private corporation organized under and by virtue of the laws of the State of Missouri with a permit to do business in Texas and will herein be called the company.

In addition to other property the company owns certain land known as Leagues 45, 46, 47, 48, 49, 50, 51 and 52 in Hockley, Cochran, Yoakum and Terry Counties in the State of Texas. The company also owns personal property consisting of ranch equipment and livestock amounting to approximately 1500 head and was engaged in the business of buying, selling and raising cattle.

A part of the land was in oil and gas producing territory and a number of producing wells had been drilled showing that Leagues Nos. 47 and 48 contained oil producing land. Some twenty wells had been drilled by the owners thereof on the land adjacent to the last named two leagues. Such wells were and had been in operation from three to eighteen months producing oil in such proximity to said two leagues that the oil was continuously drained from under the land belonging to the company.

D. M. DeVitt, now deceased, was during his lifetime interested in the property of the company and Mrs. Florence A. DeVitt, his surviving wife, and Christine DeVitt and Helen Secrest, his two daughters, inherited the interest of the deceased in the property.

The company had several opportunities to lease its land in the proven territory for a consideration of three-eighths of the oil or minerals produced thereon by the lessee or lessees, who were experienced operators and producers and ready, willing and able to develop the land with diligence and dispatch.

J. Lee Johnson, Jr., one of the directors of the company, for more than a year prior to making application to the court to appoint a receiver for the property of the company, had been endeavoring to induce the directors to lease its oil and gas land to the most desirable lessee that could be secured, for the greatest consideration that could be obtained and upon the most favorable terms to the stockholders that could be had. Numerous meetings of the directors and stockholders were had at which a lease contract was agreed upon by all the parties except Christine DeVitt, who upon every occasion obstinately refused to agree to any contract and by threats and suits prevented the consummation of any deal by which the oil and mineral lands could be leased.

W. D. Johnson was president of the company and for many years prior to the death of D. M. DeVitt was his partner in business and on account of his kindly feeling for his deceased friend and partner he was unwilling to exercise his official authority for the company against the opposition of Christine DeVitt and continued a policy of appeasement hoping that she would abandon her attitude as an obstructionist and get in harmony with the judgment of the other stockholders and permit leasing of the property but she continued to manifest a desire to be the manager of the company with the exclusive authority to control all of its affairs and without such authority she refused to concur in any deal. She finally instituted suit in the State of Missouri attacking the validity of the recent election of a board of directors, one of whom she was, their authority to act in such capacity, had a temporary writ of injunction issued against them and as a result of such conduct and the pending suit the directors ceased to function and the company was without authority to transact business. She threatened to interfere by suit or otherwise with any lessee or lessees to whom the land should be leased and prevent any development of the property by lessees, who became very dubious about any transaction with the company.

On August 27, 1941 J. Lee Johnson, Jr., one of the directors, individually, and as trustee for Mary Louise and Katherine Frances Johnson, each of whom is a feme sole, and as attorney in fact for Mrs. Floy Johnson North, Mrs. Clay Parker and Mrs. Pattie Byars, made application in the District Court of Lubbock County for the appointment of a receiver for the Mallet Land and Cattle Company with authority to manage its affairs. On this application the court appointed Sam C. Arnett, who, in compliance with the requirement of the court, gave bond as receiver in the sum of

$100,000. The bond was approved by the court and Mr. Arnett qualified as receiver of the property.

The court set a hearing to be had on September 5, 1941 and notified all of the parties interested in the property to be present at such time and file any and all objections to the appointment of the receiver and to any and all of the proceedings had. On that day the Mallet Land and Cattle Company, Mrs. Florence A. DeVitt, Ed P. Byars, Union National Bank of Kansas City, William Jewell College, L. S. Secrest and Helen D. Secrest all intervened and adopted and ratified the allegations contained in the petition of J. Lee Johnson, endorsed and approved the appointment of the receiver and prayed that the receivership be continued.

Miss Christine DeVitt answered, agreed that the receivership should be continued and enforced by the court until further order and reserved the right, which the law gave her without such reservation, to contest any future order made by the court and also any further act of the receiver. These, together with the applicants for receivership, constitute the Mallet Land and Cattle Company and all of the stockholders and directors therein. On the same day after the filing of these pleas of intervention and the answer by Christine DeVitt the court, after reciting the hearing on August 27th, the appointment of the receiver, the qualification of such receiver by giving bond, etc., and the notification of all the interested parties, finds that all the stockholders in the Mallet Land and Cattle Company have "appeared and answered, and that the defendant Christine DeVitt appeared in person and by attorney and filed answer, and the Court finding that all parties, including the defendant Christine DeVitt, have agreed that the receivership may be continued in force by the Court until further orders herein, and that they do not contest the continuance of said receivership or the right of the Court to appoint a receiver, and the Court finding that the stockholders and directors have been in a deadlock for many months and unable to function and discharge their duties toward the corporation, and the Court further finding that much of the land in controversy contains oil and gas in commercial quantities not being produced and not being developed on certain of the lands of the corporation, and that said lands are being drained of such minerals resulting in irreparable injury, waste and loss, and that the Mallet Land and Cattle Company has opportunity to lease said lands and secure drilling contracts on favorable terms, and that an emergency exists making it imperative that a receiver be appointed to take charge of said property and make mineral leases and enter into drilling contracts, as well as exercise and perform other duties in connection with the property and business of said company in Texas, it is therefore ordered, adjudged and decreed by the Court: "That Sam C. Arnett, * * * is hereby appointed receiver for all of the property, real, personal or mixed, that the defendant Mallet Land and Cattle Company has in the State of Texas, and he is hereby authorized and directed as such receiver * * * to negotiate, make and enter into oil, gas leases and mining contracts on the lands of said corporation lying in the State of Texas; to buy and sell cattle; to render property for taxation purposes and pay said taxes; and to do any and all other things necessary for the proper conduct of the business of said corporation within the State of Texas, whether such business relates to cattle or oil; to employ such agents, attorneys, assistants or servants as in his judgment may be necessary properly to conduct such business; and to make and enter into such contracts and agreements under the supervision of this Court as may be necessary both to preserve the assets of the corporation and prevent the same from loss by virtue of drainage; and to do and perform all and any other acts necessary for the proper and orderly conduct of, and the conservation of, the business and assets of said corporation lying within the State of Texas."

The appellant, Miss Christine DeVitt, says in her brief that she has appealed from an order overruling her motion to dismiss and vacate the appointment of the receiver of the Mallet Land and Cattle Company and to hold for naught all of his acts as receiver, asserting that she is a stockholder in the company.

We find no such motion in the record and if any appeal was prosecuted from the action of the court in decreeing the receivership permanent on the agreement of the parties it is not revealed by this record. However, she does attack the jurisdiction of the court but, in our opinion, it is unnecessary to enter into any lengthy discussion of the merits of such contentions since the law seems to be settled in this State that Christine DeVitt is estopped

from prosecuting an appeal under the record.

In Spence et ux. v. State Nat. Bank of El Paso et al., 5 S.W.2d 754, 756, the Commission of Appeals says: "The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction." See, also, Logan et al. v. Mauk et al., Tex.Civ.App., 126 S.W.2d 513; Texas Employers' Ins. Ass'n v. Ezell, Tex.Com.App., 14 S.W.2d 1018; Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269.

In view of the uncontroverted facts that the judgment decreeing the appointment of the receiver permanent was agreed to by all the stockholders and interested parties, the judgment is affirmed.