Spurgeon E. Bell, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was assessed a fine of $150 upon his plea of guilty to a complaint charging a violation of the liquor laws.

The appeal presents nothing for our consideration and the judgment of the trial court is affirmed.

## JOHNSON et al. v. ARNETT et al.
### No. 5490.

Court of Civil Appeals of Texas. Amarillo.
Nov. 30, 1942.

Vickers & Campbell, of Lubbock, for appellant Mallet Land & Cattle Co. and others.

E. L. Klett, of Lubbock, for appellant J. Lee Johnson, Jr., and others.

F. D. Brown and Jack M. Randal, both of Lubbock, for appellees.

FOLLEY, Justice.

This cause involves fees allowed a receiver and fees allowed his attorneys in Cause 9598 in the 72 District Court of Lubbock County, wherein Sam C. Arnett was appointed receiver for the Mallet Land & Cattle Company, and Jack M. Randal and F. D. Brown were appointed his attorneys. The Mallet Land & Cattle Company is a Missouri corporation which owns various leagues of very valuable oil land situated in Hockley, Cochran, Yoakum, and Terry Counties, Texas, the income from which is now about $30,000 per month.

The authority of the trial court to appoint the receiver originally was before this court in a former appeal and our opinion upholding the trial court's action in the matter may be found in De Vitt v. Johnson, Tex.Civ.App., 160 S.W.2d 974. Another phase of the case was also before this court in two other causes contesting the authority of the receiver to make certain mineral leases. Such causes were Morrow v. De Vitt et al. and Hawkins v. De Vitt et al., which were disposed of by this court in one opinion reported in 160 S.W.2d 977. We refer to these opinions for the basic facts out of which the present controversy originates.

The two attorneys for the receiver filed in the original Cause 9598 their claim for fees in representing the receiver, each seeking $500 per month for his services over a period of six or seven months. The court, after a hearing, entered an order allowing each attorney $2,000 as an advance upon his respective fees. The Mallet Land & Cattle Company contested the claim for attorneys' fees in the court below, and it and two of its stockholders have prosecuted an appeal to this court, but since the submission of this case the parties have filed an agreement to dismiss the controversy relative to attorneys' fees, stating that the matter has been settled between them. Therefore, there remains for our consideration only the question of the receiver's fees.

The receiver, Sam C. Arnett, filed his application in the same Cause 9598 for his fees as receiver in the sum of $1,000 per month for about seven months' services. This application was not contested by the Mallet Land & Cattle Company, that is, no answer was filed by such company. However, Miss Christine De Vitt, Mrs. Florence A. De Vitt, and Mrs. Helen D. Secrest filed an answer, attempting to contest the receiver's fees. They alleged they were stockholders of the corporation and interested parties and that they were answering for themselves and "on behalf of the Mallet Land & Cattle Company." No allegation was made by them relative to the corporation's failure to actively join in this contest. Upon a hearing, the court allowed the receiver $7,000 as an advancement on the amount due him as receiver. The order recited that "the respondents, W. D. Johnson, Helen Secrest, Christine De Vitt, and Mrs. Florence A. De Vitt appeared in person and by their attorneys and filed contests to said application." There appears in the record, however, no contest as to the receiver's fees filed by W. D. Johnson who is another stockholder and president of the company. The Mallet Land & Cattle Company was not mentioned in said order as a contestant of the receiver's fees. At the conclusion of the order, it was further stated that "the respondents, and each of them, then and there in open court excepted and gave notice of appeal," etc.

Separate supersedeas bonds were made and filed in the two respective orders allowing the attorneys' fees and the receiver's fees. All of the proceedings in both hearings were brought forward to this court in a single transcript which the parties have treated as one appeal. The supersedeas bond appealing from the order granting the attorneys' fees was executed and filed by the Mallet Land & Cattle Company. Such is not the case, however, in the supersedeas bond relied upon for the attempted appeal from the order allowing the receiver's fees. Such bond names Florence A. De Vitt, Christine De Vitt, and Helen D. Secrest as principals and asserts that they, "as stockholders in said corporation, have taken an appeal to our Court of Civil Appeals for the 7th Supreme Judicial District of Texas, at Amarillo." It is signed only by them as principals, the corporation being entirely absent in any manner as an obligor. The Mallet Land & Cattle Company has filed no brief in this court, attacking the order granting the receiver's fees, its brief being directed solely to the attorneys' fees, which controversy has been settled.

In the above state of the record, we are of the opinion that there is nothing before us to consider. It is the general rule that an action to redress or prevent injuries to a corporation can not be maintained by a stockholder or a group of stockholders in their own names or in the name of the corporation, but the suit must be brought by, and in the name of, the corporation itself. 14 C.J. 924, § 1444, 18 C.J.S., Corporations, § 559; 10 Tex.Jur. 785, § 156; Stinnett et al. v. Paramount-Famous Lasky Corporation of New York et al., Tex.Com.App., 37 S.W.2d 145; Cullum et al. v. General Motors Acceptance Corporation et al., Tex.Civ.App., 115 S.W.2d 1196. Although this rule has its exceptions, as expressed in the above authorities, no facts are shown to exist in this case which would justify a deviation from it, and we therefore pretermit a discussion of such exceptions. Since the stockholders can not thus prosecute or defend a suit in their own names, it likewise follows that they can not, as stockholders independently of the corporation, prosecute an appeal from the order in question. We therefore conclude that we have no jurisdiction of the order allowing the receiver's fees, and, since the controversy as to the attorneys' fees has been settled, nothing remains for us to decide.

The appeal from the order fixing the attorneys' fees and the attempted appeal from the order allowing the receiver's fees are each dismissed.