**David KINSEY, Appellant,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, Appellee.**

**No. A1963.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1979.

Rehearing Denied Feb. 21, 1979.

James W. Bradford, Angleton, for appellant.

Andrew Gass, David C. Cobb, Law Office of Perry Archer, Houston, for appellee.

MILLER, Justice.

This is an appeal from a dismissal of a suit to enforce a compromise settlement and judgment rendered pursuant to the settlement.

Appellant filed a claim with the Industrial Accident Board (IAB) for a work-related injury which he had sustained on October 10, 1970. Dissatisfied with the outcome of that proceeding, and in a timely manner, he filed suit to set aside the award of the IAB in the district court of Brazoria County, Texas. On March 17, 1972, the parties entered into a compromise settlement whereby an agreed judgment was rendered in favor of the appellant, setting aside the IAB award and granting him the monetary sum of $6,000.00. Further, as a part of the agreed judgment, the appellee agreed to provide necessary future medical treatment and other related services incurred within two years from the date of judgment. During that two year period, appellant made a request for further medical treatment which was refused by the appellee. Appellant then filed suit in district court on the agreed judgment alleging that appellee's refusal to provide the requested service was wrongful and in fraud of his rights. Appellee answered the suit and, among other pleadings, prayed that the suit be "abated" due to the appellant's failure to comply with the "exclusive remedy clause" of the Worker's Compensation Act, Tex.Rev.Civ. Stat.Ann. art. 8306 § 3 (1967), which is a condition precedent to the district court's jurisdiction. The plea was sustained and the suit dismissed. This appeal followed.

Appellant's single contention on appeal is that the trial court erred in dismissing the suit as it had jurisdiction of the case under the facts alleged in the petition. He focuses his supporting argument upon the theory that fraud and other intentional wrongdoings by the insurance carrier can amount to new and independent common law torts which are beyond the scope of the Worker's Compensation Act and consequently render the limitations of the Act's exclusive remedy provisions inapplicable. Appellant argues that his suit is just such an independent common law tort and lies with the jurisdiction of the district court, not the IAB.

■ It is premature to consider whether the appellant can recover on an intentional, independent tort theory. The rules allow a pleading in the alternative, and further, if one independent ground would be sufficient, the pleading is not made insufficient by the insufficiency of the other ground. Tex.R.Civ.P. 48. As long as the pleader sets forth the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, the pleading will be held to state a cause of action as required. Tex.R.Civ.P. 45; *Phoenix Lumber Co. v. Houston Water Co.*, 94 Tex. 456, 61 S.W. 707 (1901). The proper method to attack a pleading for the failure to state a cause of action maintainable at law is through the use of a special exception. Tex.R.Civ.P. 90. That point was never reached in this case as the dis-

missal was exclusively based on failure to comply with Tex.Rev.Civ.Stat.Ann. art. 8306 § 3. What the claimant could or would have pled and proved was not before the trial court, nor therefore, this court.

The question before us is whether the district court had jurisdiction of this suit. If the court had jurisdiction of the parties and the subject matter, it had the power to hear and determine the case. *Texas Employers Insurance Association v. Ezell*, 14 S.W.2d 1018 (Tex.Com.App.1929, opinion adopted). There is no question but that the district court had full jurisdiction of the parties.

Appellant's original petition, considering all reasonable intendments of the pleader, *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594 (Tex.1963), is a suit on the wrongful refusal of the appellee to comply with the terms of the agreed judgment. The suit is not now an original claim for the compensation of a work-related injury. The original claim for injury was finally litigated and the subject matter of the suit now before us is the right of the appellant to seek damages for failure of appellee to pay for necessary medical treatment under the agreed judgment of March 17, 1972.

At the time the agreed judgment was rendered, neither the Worker's Compensation statutes nor the law generally, prohibited the parties from making any compromise and settlement of their suit. *Texas Employers Insurance Association v. Ezell, supra*. This the parties did. There is no contention that the parties lacked the power to enter into such agreement. Judgment by consent is contractual in nature and may obligate the parties just as certainly as if the obligation had been imposed by the court after trial on the merits. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). The appropriate forum to enforce the court judgment is not the IAB, which has no enforcement powers, even of its own awards. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5a; *Booth v. Texas Employers Insurance Association*, 132 Tex. 237, 123 S.W.2d 322 (Com.App.1938, opinion adopted). Any matters not given exclusively to the Board by statute are within the jurisdiction and power of the court. *Texas Employers Insurance Association v. Miller*, 130 S.W.2d 893 (Tex.Civ.App.-Beaumont 1939) *aff'd*, 137 Tex. 449, 154 S.W.2d 450 (Com.App. 1941, opinion adopted).

Appellee further argues that, art. 8307 § 5a notwithstanding, the Board is given exclusive jurisdiction under art. 8307 § 5 to render "successive awards" subsequent to final award or judgment. Under this provision, he argues, the appellant had not exhausted his remedies before the Board so that the suit was properly dismissed. He cites several cases upholding his contention including *Paradissis v. Royal Indemnity Company*, 507 S.W.2d 526 (Tex. 1974); *Truck Insurance Exchange v. Seelbach*, 161 Tex. 250, 339 S.W.2d 521 (1960); and *Travelers Insurance Company v. Walkovak*, 390 S.W.2d 75 (Tex.Civ.App.-Houston [1st Dist.] 1965, writ ref'd, n. r. e.). Appellee's argument is not persuasive as these cases can be clearly distinguished from the case at hand as none of them involved an award or judgment which included future medical. In cases where the courts have been called upon to determine the effect of Board approved contractual compromise settlement agreements which expressly included liability or non-liability for future medical, they have impliedly upheld the agreements as binding on the parties, notwithstanding the "successive award" provision of art. 8307 § 5. *Barnes v. Bituminous Casualty Corporation*, 495 S.W.2d 5 (Tex.Civ.App.-Amarillo 1973, writ ref'd n. r. e.); *Pearce v. Texas Employers Insurance Association*, 403 S.W.2d 493 (Tex. Civ.App.-Dallas 1966, writ ref'd n. r. e.) per curiam, 412 S.W.2d 647 (Tex.1967).

We think the contractual consent judgment of a court which had jurisdiction has equal enforceability. The appellee had full opportunity to consider the protective provisions of the Worker's Compensation Act and choose to waive them through agreement.

The order of the trial court sustaining the plea in abatement and dismissing the law

suit is reversed and case remanded to trial court for further proceedings.

Reversed and remanded.