

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 18, 1985

Ms. Margaret M. Maisel
Chairman
Texas Industrial Accident Board
First Floor
200 E. Riverside Drive
Austin, Texas   78704

Opinion No.  JM-361

Re:   Whether the Industrial Acci-
dent Board may approve a Com-
promise Settlement Agreement which
covers   only   future   medical
expenses after liability for com-
pensation benefits is admitted

Dear Ms. Maisel:

You ask two questions about the settlement of workers' compensa-
tion claims:

> 1.  If an injury is one enumerated in article
> 8306, section 11a, and if the carrier admits
> liability while the case is pending before the
> Industrial Accident Board and makes payments, may
> the board approve a Compromise Settlement Agree-
> ment which settles only the future medical
> expenses of such claimant?

> 2.  If the board has the authority to approve a
> Compromise Settlement Agreement in such a case,
> may it approve an attorney's fee?

The Texas Workers' Compensation Law, articles 8306 through 8309i,
V.T.C.S., creates a system which pays compensation and other benefits
to a worker or a worker's beneficiaries for incapacity or death
resulting from a work-related injury.  Section 11a of article 8306,
V.T.C.S., sets forth several specific injuries for which "incapacity
shall conclusively be held to be total and permanent," thus qualifying
the claimant for lifetime benefits under section 10(b) of article
8306.

As will be shown in the discussion to follow, the workers'
compensation statutes reflect different treatment for awards of the
board and for approval by the board of Compromise Settlement Agree-
ments.  With regard to awards, compensation benefits and medical
benefits are covered by different statutes.  This is not necessarily
the case with regard to Compromise Settlement Agreements; a Compromise

Settlement Agreement usually attempts to settle liability for both compensation benefits and medical benefits. Your question presents an anomalous situation where the parties wish to settle only medical benefits in a Compromise Settlement Agreement.

Under article 8306, section 7, when an injured worker notifies the carrier of a work-related injury, the carrier is obligated to pay for such medical expenses

> as may reasonably be required at the time of the injury and <u>at any time thereafter</u> to cure and relieve from the effects naturally resulting from the injury. (Emphasis added).

<u>See</u> <u>Texas Employers' Insurance Association v. Chappell</u>, 494 S.W.2d 159, 160 (Tex. 1973); <u>Peeples v. Home Indemnity Company</u>, 617 S.W.2d 274 (Tex. Civ. App. - San Antonio 1981, no writ). The addition of "at any time thereafter" was to provide for medical expenses unlimited as to the date at which they become necessary. <u>See</u> <u>Pearce v. Texas Employers Insurance Association</u>, 403 S.W.2d 493, 496, 498 (Tex. Civ. App. - Dallas 1966), <u>aff'd per curiam</u>, 412 S.W.2d 647 (Tex. 1967).

Nevertheless, section 5 of article 8307 provides, in part:

> Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items <u>not actually furnished to and received by the employee prior to the date of said award or judgment</u>. . . . (Emphasis added).

Notwithstanding section 5, the Industrial Accident Board and the courts have approved Compromise Settlement Agreements which settle liability for future medical expenses. <u>See, e.g.</u>, <u>France v. American Indemnity Company</u>, 648 S.W.2d 283, 284 (Tex. 1983); <u>Kinsey v. Northern Insurance Company of New York</u>, 577 S.W.2d 353, 354 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.). These cases, however, dealt with settlement only of <u>liability</u> to pay necessary and reasonable future medical expenses as they were incurred, not with a final settlement of all future medical expenses. Liability for future medical expenses is a different question from whether specific

expenses are necessary and reasonable.  The court in <u>Pearce v. Texas Employers Insurance Association</u>, 403 S.W.2d 493, dealt with the effect of section 5 of article 8307 on a Compromise Settlement Agreement which settled both liability for and the amount of future medical expenses with a sum certain.  The court held that section 5 did not affect the board's authority under section 12 of article 8307 to compromise claims for future medical services because section 5 applies only to "awards" of the board and to judgments of the court.  403 S.W.2d at 498.  In Attorney General Opinion WW-333 (1957), this office reached the same conclusion.  The <u>Pearce</u> case was affirmed by the Texas Supreme Court.  <u>See Pearce v. Texas Employers Insurance Association</u>, 412 S.W.2d 647 (Tex. 1967).  Thus, Compromise Settlement Agreements serve a different purpose from final awards of the board and are therefore subject to different statutes.  <u>See</u> 403 S.W.2d at 498; <u>see also</u> <u>Kinsey v. Northern Insurance Company of New York</u>, 577 S.W.2d at 354-55.

Accordingly, section 12 of article 8307 provides the board's basic authority to approve Compromise Settlement Agreements.  Section 12 provides in part:

> <u>Where the liability of the association or the extent of the injury of the employee is uncertain,</u> indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties.  (Emphasis added).

Severe and immediate financial need may tempt an injured worker to settle a right to lifetime benefits for immediate cash in an amount which is inadequate to compensate or to provide medical care for the claimant for life.  <u>See</u> <u>Walden v. Royal Globe Insurance Company</u>, 577 S.W.2d 296, 298-99 (Tex. Civ. App. - Beaumont 1978, writ ref'd n.r.e.).  Clearly, when a claimant has an uncertain claim, he may validly settle for any amount which would be less than the amount of lifetime benefits he might receive in an award; this is the nature of a Compromise Settlement Agreement.  Some compromises, however, can be grossly inadequate.  As indicated in Attorney General Opinion WW-333, the board has discretion under section 12 in discharging its duty to protect injured workers.  Consequently, under section 12 the board <u>may</u> refuse to approve any settlement which does not adequately protect the rights of an injured worker.  <u>See</u> Attorney General Opinion WW-333 (1957).

In the instant case, however, we believe that the language of section 12 of article 8307, itself prevents the board from approving a Compromise Settlement Agreement which finally settles only future medical expenses after the carrier admits liability and makes compensation payments for an injury enumerated in section 11a of

article 8306. Section 12, by its terms, requires uncertainty either to (1) liability, or (2) the extent of the injury. If the carrier admits liability for lifetime compensation benefits for an injury enumerated in section 11a while the case is pending before the Board and makes payments, it is difficult to conceive how uncertainty can still exist as to liability for necessary and reasonable future medical expenses for the injury. The only question remaining can be over the amount of future medical expenses, i.e., whether specific expenses are in fact necessary and reasonable. This question will always be "uncertain." Consequently, if we interpreted "uncertainty" in section 12 of article 8307 to cover uncertainty as to the amount of specific medical expenses, the provision would not limit any settlements and would thus have no purpose. Section 11a of article 8306 establishes that certain enumerated injuries are conclusively held to be total and permanent; thus it is unlikely that the extent of the specific injury, either as to degree or duration, will be uncertain. We believe that a disagreement about whether specific medical expenses are reasonable and necessary will not justify settlement of all future medical expenses under section 12 of article 8307. In light of this result, we do not address your suggestion that the prerequisite to settlement of a "disputed" case in section 10(d) of article 8306 also applies to the situation at hand.

Your second question is conditioned upon an affirmative response to your first question. Because of our negative response to this question, we do not reach your second question.

### S U M M A R Y

The Industrial Accident Board may not approve a Compromise Settlement Agreement when the carrier admits liability before the board and makes compensation payments for an injury enumerated in section 11a of article 8306, V.T.C.S., and seeks to finally settle only future medical expenses in the Compromise Settlement Agreement.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk