girard 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-577-CV





PATRICK LUDWICK AS PRESIDENT, SHAREHOLDER, AND


TRUSTEE OF FEDERAL AUTO STANDARDS, INC. D/B/A AUTO CRITIC



 APPELLANT

 vs.





JANET L. GIRARD, LAURENCE GIRARD, AND ERIC L. GIRARD,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 91-4327, HONORABLE JERRY DELLANA, JUDGE 



 




 Patrick Ludwick, as president, shareholder, and trustee, seeks review by petition
for writ of error of a default judgment rendered against Federal Auto Standards, Inc. d/b/a Auto
Critic ("Auto Critic"). Ludwick brings two points of error challenging the trial court's (1) award
of damages without evidence that the appellees complied with Section 17.50A (now § 17.505) of
the Deceptive Trade Practices-Consumer Protection Act ("DTPA") and (2) trebling of damages
without evidence that Auto Critic acted knowingly, as required by Section 17.50(b)(4) of the
DTPA. Finding that Ludwick has no standing, we dismiss the petition for writ of error for want
of jurisdiction. 


DISCUSSION



 Before we can address Ludwick's two points of error, we must determine whether
he has standing to seek review by petition for writ of error. The necessary requirements are:
(1) the petition must be brought within six months of the date of judgment by a party to the suit;
(2) the party must not have participated either in person or by attorney in the actual trial; and
(3) error must be apparent from the face of the record. General Elec. v. Falcon Ridge Apts., 811
S.W.2d 942, 943 (Tex. 1991); Tex. R. App. P. 45.

 Plaintiffs brought their suit against Auto Critic. Ludwick posted the appeal bond
and filed the petition for writ of error in his name as president, shareholder, and trustee of Auto
Critic; the petition does not name Auto Critic as an appellant. In his petition, Ludwick claims
that neither Auto Critic nor he as its trustee participated in the trial in person or through an
attorney.

 As a general rule, only parties of record may seek review by petition for writ of
error. Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex. 1965). However, a party may seek review
by petition for writ of error if it appears from the record that he is in privity of estate, title or
interest, or is the legal representative of a party. Hubbard v. Lagow, 567 S.W.2d 489, 491 (Tex.
1978); Mobil Exploration & Producing U.S. Inc. v. McDonald, 810 S.W.2d 887, 889 (Tex.
App.--Beaumont 1991, writ denied). Ludwick was not a party of record below; therefore, he may
not seek writ of error review unless he is in privity with, or is the legal representative of, the only
named defendant, Auto Critic. 

 "Privity" is generally defined as a mutual or successive relationship to the same
rights in property. Kirby Lumber Corp. v. Southern Lumber Co., 196 S.W.2d 387, 388 (Tex.
1946). Privity has been found to exist in (1) class action suits, (2) will contests, and (3) suits
involving the doctrine of virtual representation. Mobil Exploration, 810 S.W.2d at 889.

 The doctrine of virtual representation applies when an individual, who was not a
named party, claims to have been "represented" in a suit and to be bound by the judgment. The
identity of interests is important in determining the applicability of the doctrine. We previously
have stated: "If the interest of the parties in court is not identical with the interests of those who
are absent and who are sought to be bound by the judgment, then there is no safe guarantee that
those absent will be adequately represented by those present." Industrial Generating Co. v.
Jenkins, 410 S.W.2d 568, 661 (Tex. Civ. App.--Austin 1966, no writ). Ludwick has not asserted
an identity of interests with Auto Critic, nor has he established that he is bound by the judgment
below. Accordingly, we conclude that the doctrine of virtual representation does not apply in this
situation.

 There is no suggestion in the record, in the petition for writ of error, or in his brief
that Ludwick seeks review as Auto Critic's legal representative. Under the circumstances of this
case, Ludwick's positions as president, shareholder, and trustee of the corporation do not make
him its legal representative. 

 Generally, a stockholder cannot maintain an action in his own name or on behalf
of the corporation, "but the suit must be brought by, and in the name of, the corporation itself." 
 Johnson v. Arnett, 165 S.W.2d 899, 900 (Tex. Civ. App.--Amarillo 1942, no writ); 18 C.J.S.
Corporations § 401 (1990). No applicable exception to this rule is evident from the face of the
record.

 We have previously held that a corporate officer does not have standing to represent
the corporation. Manning v. State, 423 S.W.2d 406, 409 (Tex. Civ. App.--Austin 1967, writ ref'd
n.r.e.). In Manning, we determined that a president lacks justiciable interest to bring an appeal
without naming the corporation as a party. Manning, 423 S.W.2d at 409. A "justiciable interest"
is one in which a party, or someone with whom he is in privity, is affected by the judgment of
which complaint is made. 4 Tex. Jur. 3d Appellate Review § 148 (1980). It is not apparent on
the face of this record that Ludwick has a justiciable interest in the judgment against Auto Critic. 

 Nothing on the face of the record confers standing on Ludwick as trustee of the
corporation. See Texas Land & Inv. Co. v. Kennedy, 123 S.W. 150 (Tex Civ. App. 1909, no
writ). In Texas Land & Investment, the court dismissed a petition for writ of error brought by a
company claiming to be the real party to the suit. The petitioner claimed that the named defendant
was not the proper party to the suit, but was merely a trustee. Texas Land & Inv. Co., 123 S.W.
at 150. The court refused to recognize the standing of the petitioner based on its "naked
assertion" that the proper party was not before the court. Id. Ludwick presents nothing more
than a naked assertion that he is trustee for the defendant corporation; this is insufficient to confer
standing to seek review by writ of error.


CONCLUSION



 We conclude that Ludwick has no standing to bring this petition for writ of error. 
He is not a party of record, he is not in privity with Auto Critic, and he does not serve as the
corporation's legal representative. Ludwick's status as a shareholder, president, and trustee does
not confer standing under these circumstances, and the doctrine of virtual representation does not
apply. Therefore, we dismiss the writ for want of jurisdiction.


 
 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie, and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: October 7, 1992

[Do Not Publish]