Charles L. PEARCE, Petitioner,

v.

TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Respondent.

No. A–11538.

Supreme Court of Texas.

March 8, 1967.

Rehearing Denied March 8, 1967.

Mullinax, Wells, Mauzy, Levy & Richards, Otto B. Mullinax, Dallas, for petitioner.

Burford, Ryburn & Ford, Logan Ford and John L. Estes, Dallas, for respondent.

## ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is a workmen's compensation case. The petitioner filed a claim with the Industrial Accident Board of the State of Texas, claiming that he had sustained an eye injury while working in the course of his employment. Thereafter, the petitioner and the respondent, insurer, entered into a compromise settlement agreement for a consideration of $2,570.00. The agreement, which was approved by the Industrial Accident Board, included settlement of all future liability claims for medical services. Attached to the compromise settlement agreement, as an exhibit, appears a statement made by petitioner, reading in part:

> "I understand this claim is being settled on a questionable basis because the retinal tear did not appear until after 6 months following my injury and I was suffering from eye trouble before my injury of January 23, 1962."

On November 15, 1963, the petitioner filed a second claim with the Board, based upon the same accident, for additional hospital, medical and surgical expenses, incurred after the compromise settlement agreement. Petitioner argued before the Board and later on appeal to the trial court that the compromise settlement agreement which included future medical expenses, etc. was ineffective in that such agreement was in contravention of the pro·

visions of Article 8307, Sec. 5,[1] Vernon's Annotated Civil Statutes,[2] especially that part of the article which states:

"Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court * * * shall include in such *award* or *judgment* any cost or expense of any such item [being the hospital and medical items stated in Sec. 5] not actually furnished to and received by the employee prior to the date of said award or judgment." [Emphasis added.]

Petitioner also relies upon Article 8306, Sec. 14, wherein it is provided that "[n]o agreement by an employé to waive his rights to compensation under this law shall be valid." Petitioner also argues that Art. 8307, Sec. 5, supra, impliedly amended Art. 8307, Sec. 12[3] which authorizes the Board to approve compromise settlement agreements entered into between the parties. The effect of this argument is that Section 5 impliedly repealed Section 12.

The trial court sustained respondent's motion for summary judgment on the ground that petitioner's cause of action was "barred by a compromise settlement agreement heretofore entered into between the parties." The Court of Civil Appeals has affirmed that judgment. 403 S.W.2d 493.

Petitioner in his motion for rehearing on his application for writ of error complains only of the holding of the Court of Civil Appeals on the question of " * * * whether an agreement for compromise settlement of a claim under the [Workmen's Compensation] Act, which specifically provides that it includes liability of the insurer for future medical aid, hospital services, nursing, chiropractic services and medicines incurred after date of approval of the settlement by the Industrial Accident Board, precludes the employee from subsequently claiming and recovering medical expenses necessarily incurred by him in connection with a recurrence of the physical disability made the subject of the original claim."

1. Art. 8307, Sec. 5 of the Workmen's Compensation Act:
   "Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of the law, shall include in such *award* or *judgment* any cost or expense of any such items not actually furnished to and received by the employee prior to the *date of said award* or judgment. The first such final *award* or *judgment* rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said *award* or *judgment.* After the first such final award or judgment, the Board shall have

continuing jurisdiction in the same case to render successive *awards* to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction in the same manner as provided in the case of other awards under this law." [Emphasis added.]

2. All statutory references hereinafter contained are to Vernon's Annotated Texas Civil Statutes.

3. Article 8307, Section 12: * * *
   "Where the liability of the association or the extent of the injury of the employé is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

The Court of Civil Appeals in deciding the question adversely to petitioner, has held that Section 5, supra, by its terms is restricted to *awards* of the Board and *judgments* of a court of law, and that the enactment of Section 5, supra, did not have the effect of repealing Article 8307, Sec. 12, supra; thus, holding that Sec. 5, supra, refers only to *awards* and *judgments* and has no application to a compromise settlement agreement approved by the Board, as provided in Article 8307, Sec. 12, supra. We have concluded that the Court of Civil Appeals, in so holding has correctly interpreted the statutes involved herein. Therefore, we approve its holding.

The petitioner argues that this being a case of first judicial impression in Texas, we should grant the writ and determine the question. This Court is not disposed to grant a writ of error where no error of law has been committed by the intermediate court.

Since other questions were considered by the Court of Civil Appeals, the application for writ of error was refused n.r.e., and the motion for rehearing is overruled.