**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,**

**v.**

**Van POORMAN, Appellee.**

**No. 14679.**

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1968.

Rehearing Denied May 8, 1968.

Allison & Wallace, Kerrville, Groce, Hebdon, Fahey & Smith, San Antonio, for appellant.

Carroll, Matthews & Willatt, Houston, Robert R. Barton, Kerrville, for appellee.

BARROW, Chief Justice.

Appellee, a ranch foreman of C. O. Beeler, d/b/a Riverside Development Company, brought this suit to recover benefits under a voluntary workmen's compensation policy issued by appellant to Beeler. Judgment was entered on a jury verdict whereby appellee recovered compensation benefits in a lump sum for total and permanent incapacity at the maximum rate, together with the sum of $3,013.62 for past hospital and medical expenses rendered appellee. Appellee also recovered judgment for the sum of $7,280.00 representing the reasonable cost of future hospital and medical services that will in reasonable probability be necessary for treatment of appellee as a result of the injury sued on herein. (Special Issue No. 15.) This appeal relates only to the recovery of future medical expenses.

Appellant's sole point is that "The trial court erred in overruling Appellant's motion to set aside the finding of the jury in answer to Special Issue No. 15." By counterpoint, appellee urges that appellant failed to preserve its complaint for appellate review. Appellant concedes that its original motion for new trial was only a formal motion and it did not timely file an amended motion; however, appellate review is sought under Rule 324, Texas Rules of Civil Procedure, wherein it is provided: "In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court * * * in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant; * * *." See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1966); Firemen's Fund Ins. Co. v. Martinez, 387 S.W.2d 443 (Tex.Civ. App.—Austin 1965, writ ref'd n. r. e.).

Appellant timely filed its motion for judgment and to set aside findings of the jury wherein it urged that the court should dismiss the suit for want of jurisdiction because there was no proof the injury was sustained in Kerr County. In the alternative, appellant moved to set aside the finding of the jury to Issue No. 15 because future medical expenses were not recoverable in this suit under the Workmen's Compensation Act. Also, in the alternative, appellant sought to set aside the finding of the jury to Issue No. 14 (past medical expenses) because there was no proof that it had failed to furnish same to appellee.

Appellee urges that since there was no prayer by appellant asking the trial court to render judgment for appellee for all sums except that found in Issue No. 15, appellant's motion to disregard this finding does not come within the provisions of Rule 324. In Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972 (1936), the Commission

of Appeals, in discussing the question of what Art. 2211, Vernon's Ann.Civ.St. (now Rule 301, T.R.C.P.) meant by the requirement of "motion and reasonable notice," set forth that the motion must be sufficient to invoke the jurisdiction of the court and should apprise the court and opposing party of the grounds therefor, and must sufficiently disclose its nature. It was further said: "We amplify this general statement by saying that such a motion, regardless of its form, would be sufficient if it designated the finding or findings which the court is called upon to disregard, the reason why same should be disregarded, and contained a request that judgment be entered upon the remaining findings after the specified findings had been set aside or disregarded."

Appellee urges that the quoted language requires the moving party seeking to have the court disregard a jury finding to affirmatively request that judgment be entered upon the remaining findings. It is seen that the holding in *Hines* is that the trial court was not authorized to disregard a jury finding in the absence of the statutory requirement of reasonable notice.

■ Rule 301, T.R.C.P., contemplates two types of motions: (1) judgment non obstante veredicto and (2) for disregard of any jury finding. We have found no authority which holds that a motion to disregard a jury finding is insufficient where the movant does not request that judgment be entered on the remaining findings. In Pelham Manufacturing Co. v. Ridlehuber, 356 S.W.2d 502 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.), it was held that defendant's motion to disregard a jury finding of medical expenses preserved said point for appellate review although no motion for new trial was filed. It is seen that in addition to this finding of medical expenses, plaintiff had also recovered $2,000.00 for his personal injuries. The Court pointed out that the 1955 amendment to Rule 324 added the words "or notwithstanding the finding of the jury on one or more special issues" to the provision authorizing complaint on appeal of the overruling of a motion for judgment non obstante veredicto without a motion for new trial. See also First American Life Ins. Co. v. Slaughter, 400 S.W.2d 590 (Tex.Civ.App.— Houston 1966, writ ref'd n. r. e.); Teston v. Miller, 349 S.W.2d 296, 299 (Tex.Civ. App.—Beaumont 1961, writ ref'd n. r. e.); Carrico v. Busby, 325 S.W.2d 413 (Tex. Civ.App.—Houston 1959, writ ref'd n. r. e.).

■ Here the appellant by timely motion sought to set aside the jury finding to Issue No. 15 for the same reason it now asserts on this appeal. Said motion to disregard this jury finding was overruled by the trial court. Under the express provisions of Rule 324, it was not necessary to present this point again in a motion for new trial in order to preserve same for appellate review. Appellee's counterpoint is overruled.

Appellant concedes that there is sufficient evidence to support the jury finding to Issue No. 15 and, further, that it is obligated under the terms of the policy issued appellee's employer to furnish or pay for necessary medical services after date of the judgment. The question for decision is whether an employee suing under a voluntary workmen's compensation policy issued to his employer is entitled to recover future medical expenses at the time he tries the case or after the medical services have been furnished.

■ Voluntary workmen's compensation is purely a matter of contract and the rights and obligations of the parties are measured by the contract. United States Fidelity & Guaranty Co. v. Valdez, 390 S.W.2d 485 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.). Here the parties stipulated that if appellee had sustained a compensable injury, he was entitled to receive from appellant "an amount equal to the compensation and other benefits which would have been payable under the Texas Workmen's Compensation Law" had there been coverage under the Act.

The 1957 amendments to the Texas Workmen's Compensation Act increased "the other benefits" to the employee by amendment of Art. 8306, § 7, to provide for unlimited medical and hospital services. Art. 8307, § 5, was amended to implement these provisions and provide certain safeguards for both the claimant and the insurer. This section provides in part: "Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, * * shall include in such award or judgment any cost or expense of any such items (certain described medical services) not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment * * *, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment."

 It has been held that these 1957 amendments require the insurer to furnish all medical services as may reasonably be required to cure and relieve the employee from the effects naturally resulting from his injury, but that Section 5, Art. 8307, prohibits the rendition of an award or judgment for future medical expenses in a workmen's compensation case. Pearce v. Texas Employers Ins. Association, 403 S.W. 2d 493 (Tex.Civ.App.—Dallas, writ ref'd n. r. e., 412 S.W.2d 647, Tex.Sup.1967); Western Alliance Ins. Co. v. Tubbs, 400 S.W.2d 850 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.); Bituminous Casualty Co. v. Whitaker, 356 S.W.2d 835 (Tex. Civ.App.—Eastland 1962, no writ).

Here appellant contracted with appellee's employer whereby appellant agreed to pay appellee for a compensable injury "the compensation and other benefits" which appellee would have been entitled to recover under the Texas Workmen's Compensation Act." The right to recover for necessary medical services after the trial is a valuable benefit under said Act which is limited by the safeguard that recovery is limited to the services actually furnished. The amount recoverable for these services is determined after same are furnished. To make certain that the employee will receive all of his required future medical services, the Legislature expressly directed that the award or judgment include only the expenses for medical services received prior to entry of same. Under the plain wording of Sec. 5, Art. 8307, the judgment entered in this case should not have included an item for the reasonable cost of future hospital and medical services.

The judgment of the trial court is reformed to eliminate the recovery of $7,280.00 for future medical expenses. As so reformed, the judgment is affirmed. The costs of this appeal are taxed against appellee except the cost of the statement of facts which is taxed against appellant.