**Billy M. STARNES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 19103.**

Court of Civil Appeals of Texas, Dallas.

March 22, 1977.

John E. Collins, McGuire, Levy, Collins & McCurley, Irving, for appellant.

Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellee.

AKIN, Justice.

This is a workmen's compensation case. Billy Starnes alleges that he suffered two injuries while employed by the Oilwell Division of U. S. Steel. The first was a back injury in January 1969. The second was a repetitious trauma occurring in January–March 1973. A claim for the back injury was filed with the Industrial Accident Board. The Board's award was appealed to a district court which, at a hearing on September 5, 1974, approved a settlement agreement which, by its terms, covered both claims. Six days after the settlement was approved, Starnes filed a claim for repetitious trauma with the Industrial Accident Board. The Board granted Starnes an award on the second claim, and TEIA appealed to the district court which granted the summary judgment that is the subject of this appeal. Because we hold that this claim for repetitious trauma is not barred by the written settlement agreement approved by the district court in connection with the prior back injury claim, we reverse and remand for trial on the merits.

Under Tex.Rev.Civ.Stat.Ann. art. 8307 § 12 (Vernon 1967), a claimant cannot settle his claim by accepting a payment of money and signing a common-law release. To be binding, a compromise settlement agreement must be approved by the Industrial Accident Board or by the court after its jurisdiction has been invoked to set aside the Board's award.

A court's jurisdiction over workmen's compensation claims is limited to appeals from claims which have been passed on by the Board; courts have no original jurisdiction to make awards. *Solomon v. Massachusetts Bonding and Ins. Co.*, 347 S.W.2d 17, 19 (Tex.Civ.App.—San Antonio 1961, writ ref'd); *Johnson v. American General Ins. Co.*, 464 S.W.2d 83, 84 (Tex.1971). The fact that the settlement agreement was approved by the district court is immaterial since that court lacked jurisdiction of the repetitious trauma claim and, therefore, insofar as its judgment approved a settlement of the second claim, it was void. *Employers' Indemnity Corp. v. Woods*, 243

S.W. 1085, 1089 (Tex.Com.App.1922, jdgmt. adopted); *Brown v. Texas Employers' Ins. Ass'n*, 276 S.W.2d 314, 316 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.).

Reversed and remanded.