

# The Attorney General of Texas

June 26, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Cue D. Boykin, Chairman
Texas Industrial Accident Board
L.B.J. Building
Austin, Texas

Opinion No. H-1194

Re: Whether a completed com-
promise settlement agreement
constitutes a claim for compen-
sation within article 8307,
section 9a(e)(2), V.T.C.S.

Dear Mr. Boykin:

You ask whether the submission to the Board of a compromise
settlement agreement constitutes a "claim for compensation" within the
meaning of the following provision of the Workmen's Compensation Law:

In those cases in which a claimant makes a fifth
claim for compensation within any five-year period,
the Board shall automatically notify the attorney
general who shall investigate to determine if the
probability of fraud exists in connection with the
current claim or any of the prior claims.

V.T.C.S. art. 8307, § 9a(e)(2). You explain that on occasion, a claimant enters
into a compromise settlement agreement with the carrier without having
filed a formal claim for compensation. The agreement must be filed with the
Industrial Accident Board, as it cannot become effective without Board
approval. V.T.C.S. art. 8307, § 12; Starnes v. Texas Employers' Insurance
Association, 549 S.W.2d 46 (Tex. Civ. App. — Dallas 1977, writ ref'd n.r.e.);
American Employers Insurance Co. v. Due, 166 S.W.2d 160 (Tex. Civ. App. —
Beaumont 1942, writ ref'd w.o.m.). You state that the Board has traditionally
considered compromise settlement agreements, when submitted on forms you
provide, to be claims for compensation within section 4a of article 8307. You
wish to know whether they are to be considered claims within section 9a(e)(2).

Article 8307, section 4a, provides in part:

Unless the Association or subscriber have notice of
the injury, no proceeding for compensation for injury

> under this law shall be maintained ... unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury. . . .

This statute does not prescribe the form for making a claim. Johnson v. American General Insurance Co., 464 S.W.2d 83 (Tex. 1971); Prince v. Texas Employers' Insurance Association, 466 S.W.2d 642 (Tex. Civ. App. — Eastland 1971, writ ref'd n.r.e.). Section 4a is construed liberally in favor of the claimant. Harleysville Mutual Insurance Co. v. Frierson, 455 S.W.2d 370 (Tex. Civ. App. — Houston [14th Dist.] 1970, no writ). A purpose of filing the claim is to give information to identify the injury and serve as a basis for proper investigation. Johnson v. American General Insurance Co., supra; Prince v. Texas Employers' Insurance Association, supra. Your Compromise Settlement Agreement form includes such information as the accident date and the employee's reason for not returning to work, if any. The form refers to the compromise of "this claim for workmen's compensation insurance." The settlement form records the existence of a claim, and gives some of the information that a compensation claim should give. The Board's administrative construction of its statute is entitled to respect. Pacific Employers Insurance Co. v. Brannon, 242 S.W.2d 185 (Tex. 1951).

It has been held that the filing of timely notice of injury and Board approval of a compromise agreement within six months after the date of injury "was sufficient to show that the claim had been filed within time and in such manner as to confer jurisdiction on the Board." Williams v. Texas Employers' Ins. Ass'n, 135 S.W.2d 262, 264 (Tex. Civ. App. — Waco 1940, writ ref'd). See Texas Employers' Ins. Ass'n v. Kennedy, 143 S.W.2d 583 (Tex. 1940) (after agreement entered and approved, Board lost jurisdiction to consider any claim, plaintiff not required to file claim unless agreement cancelled); Central Surety & Ins. Corporation v. McCowan, 93 S.W.2d 472, 475 (Tex. Civ. App. — Texarkana 1936, writ dism'd) (Board took cognizance of claim by approving settlement agreement).

Since the purpose of a claim is to give information as to what happened and to serve as a proper basis for investigation, Johnson v. American General Insurance Co., supra at 86, we believe that a compromise settlement agreement submitted for Board approval constitutes a claim for purposes of the investigation required by section 9a(e)(2) of article 8307, V.T.C.S. This conclusion is consistent with the purpose of the statute which is to prevent the payment of fraudulent claims. Certainly the mere fact that a carrier has agreed to a compromised settlement does not eliminate the possibility of fraud.

You also ask whether section 9a(h) of article 8307 precludes the Board from approving a compromise settlement agreement when it constitutes a person's fifth claim for compensation within a five year period. Section 9a(h) provides:

Pending an investigation and hearing or appeal of allegations of fraud under this section, the Board may not approve a compromise settlement agreement or make a final award in connection with the worker's claims then pending before the Board.

The filing of five claims within five years does not without more constitute fraud. However, since an investigation is required upon a fifth claim being made within five years, we believe that the Board may not approve a compromise settlement agreement until the investigation has been completed within the 60 days allowed. Sec. 9a(e)(3). The Board is not precluded from approving the agreement if the investigation is concluded and there is no finding of a reasonable probability of fraud.

## SUMMARY

The filing of a compromise settlement agreement on the form provided by the Industrial Accident Board constitutes a claim for compensation within article 8307, section 9a(e)(2) for purposes of the required investigation. Section 9a(h) prevents the Board from approving a compromise settlement agreement submitted on behalf of a worker pending the conclusion of the required investigation. The filing of five claims within five years does not in itself constitute fraud.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn