ACCEPTED
03-13-00300-CV
3790076
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/15/2015 5:07:44 PM
JEFFREY D. KYLE
CLERK

## NO. 03-13-00300-CV

_____

**IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/15/2015 5:07:44 PM
JEFFREY D. KYLE
Clerk

_____

**ADRIAN TIJERINA,**
*Appellant,*

**v.**

**TEXAS PROPERTY AND CASUALTY INSURANCE GUARANTY
ASSOCIATION AS RECEIVER FOR SIR LLOYD'S INSURANCE
COMPANY, AND TEXAS DEPARTMENT OF INSURANCE, DIVISION
OF WORKERS' COMPENSATION,**
*Appellees.*

_____

**APPELLEE TEXAS DEPARTMENT OF INSURANCE, DIVISION OF
WORKERS' COMPENSATION'S NOTICE OF RECENT DECISION**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Appellee, Texas Department of Insurance Division of Workers' Compensation, and herein files this Notice of Recent Decision in the above captioned appeal and in support thereof will show the following:

**I.**

On January 14, 2015, the Fourth Court of Appeals issued an Opinion in Case No. 04-14-00449-CV, styled *Texas Department of Insurance- Division of Workers' Compensation v. Ronald Mensch,* a copy of such Opinion being attached hereto as

Exhibit A. In that case, the Fourth Court reversed the trial court's denial of Texas Department of Insurance Division of Workers' Compensation's ("TDI-DWC") Plea to the Jurisdiction and dismissed TDI-DWC from the case, because the plaintiff in the trial court had failed to exhaust his administrative remedies and, therefore, the trial court had no jurisdiction over TDI-DWC. The fact patterns of this case and the *Mensch* case are remarkably similar in that both involve "old law" workers' compensation law and go to the ability of the injured worker to sue TDI-DWC to force it to take jurisdiction over a matter not ripe for TDI-DWC's involvement. In essence, in both cases, the injured worker seeks a sort of pre-authorization for medical services not yet provided.

The undersigned feels that the *Mensch* decision is directly on point with this case or, at the very least, may be a useful and instructive tool for this Court in determination of this matter.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

2

/s/ Dennis McKinney_____
Assistant Attorney General
State Bar No. 13719300
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone:  (512) 475-4020
Fax:  (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov

**Attorneys for the Texas Department of Insurance Division of Workers' Compensation**

## CERTIFICATE OF SERVICE

This is to verify that a true and correct copy of the foregoing *Appellee's Notice of Recent Decision* was sent to all parties of interest on this the 15th day of January, 2015, to the following:

Greg Whigham                          *Via Facsimile*
MacInnes, Whigham & Siefken, LLP
3505 Northland Drive, Suite 205
Austin, Texas 78731
Phone: (512) 477-6813
Facsimile: (512) 477-7573
**Attorneys for Appellee TPCIGA**

Kevin B. Miller                          *Via Facsimile*
Mark A. Cevallos
Law Offices of Miller & Bicklein
4555 East University, Suite D-5
Odessa, Texas 79762
Phone: (432) 362-4878
Facsimile: (432) 362-4624
**Attorneys for Appellant**

/s/ Dennis McKinney_____
DENNIS M. MCKINNEY
Assistant Attorney General

3

EXHIBIT A



## Fourth Court of Appeals
### San Antonio, Texas

**OPINION**

No. 04-14-00449-CV

**TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS'**
**COMPENSATION,**
Appellant

v.

Ronald **MENSCH**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-02326
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  January 14, 2015

REVERSED AND RENDERED

The Texas Department of Insurance, Division of Workers' Compensation ("the Division")

appeals from the trial court's denial of its plea to the jurisdiction in which it alleged the trial court

lacked jurisdiction over the lawsuit filed by Ronald Mensch because Mensch failed to exhaust his

administrative remedies. We reverse and render a dismissal in favor of the Division.

**BACKGROUND**

Mensch was injured on June 9, 1980, in a work-related accident when a tire rim struck him

in the face. State Farm Insurance, the workers' compensation insurance carrier, paid for medical

expenses related to Mensch's teeth until 2008, at which time State Farm refused to pay any additional medical benefits for his teeth. Mensch filed suit, State Farm filed a plea to the jurisdiction, and the lawsuit was abated for a pre-hearing conference before the Division. On October 19, 2011, the Division rendered a final judgment that Mensch's injury was in the course and scope of his employment and he was entitled to lifetime medical benefits for those injuries. Mensch's lawsuit against State Farm was then reinstated.

Thereafter, Mensch approached State Farm for pre-approval of additional dental work costing in the range of $50,000 to $75,000. State Farm denied the request for pre-approval on the grounds that, under governing law, those medical services had to first be rendered to the employee before being presented to the carrier. A second pre-hearing conference before the Division was held on February 11, 2014, at which Mensch requested preauthorization for additional dental work and he presented an affidavit from his doctor stating he needed another dental procedure to treat his compensable injury. On May 7, 2014, the Division sent a letter to Mensch's attorney stating the initial award issued on October 19, 2011 had become final; therefore, the Division's authority to act on further medical benefits was limited to the procedures set forth in Article 8307, section 5, of the Texas Civil Statutes in effect at the time of his injury. The Division further stated that its continuing jurisdiction to render successive awards was limited to costs or expenses of items actually furnished to and received by Mensch; therefore, the Division had "no authority to preauthorize the dental procedure." The letter ended by stating "[u]ntil incurred and itemized bills are presented to the carrier, the [Division] has no jurisdiction to act on the carrier's liability to furnish medical benefits, and the [Division would] take no further action on the claim." Mensch then amended his lawsuit to add the Division seeking a declaration that the Division has jurisdiction to determine whether he is entitled to the additional dental work and that he had exhausted his administrative remedies and was entitled to seek medical benefits from State Farm.

The Division and State Farm each filed pleas to the jurisdiction, which were both denied. State Farm filed a petition for writ of mandamus, which is pending before this court in appellate cause number 14-14-00519-CV. The Division filed this underlying interlocutory accelerated appeal. On appeal, the Division argues the "old" workers' compensation law requires Mensch to first receive medical treatment and pay for that treatment before he can present his claim to the Division for adjudication. The Division asserts that because Mensch has not yet received and paid for his medical care, the Division has no authority to "adjudicate" or "pre-approve" his claim and, thus, the trial court lacks jurisdiction to consider Mensch's complaint against the Division.

## THE "OLD" WORKERS' COMPENSATION LAW

There is no dispute that Mensch's claim is governed by the Workers' Compensation Act in effect at the time of his injury in 1980—Article 8306, section 7, and Article 8307, section 5. *See* Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen. Laws 269, 269 (repealed 1989) (current version of Texas Workers' Compensation Act at TEX. LABOR CODE ANN. ch. 408 (West 2006 & Supp. 2014)); *see also City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (statute in effect at the time of injury controls).[1]

On appeal, the Division relies on section 5 of Article 8307, which, in pertinent part, provided as follows: "Notwithstanding any other provision of this law . . . no award of the Board, and no judgment of the court . . . shall include in such Award or Judgment any cost or expense of *any such items not actually furnished to and received by the employee prior to the date of said award or judgment*." TEX. REV. CIV. STAT. ANN. art. 8307, § 5 (emphasis added). The Division argues that under section 5, the additional dental work has not yet been furnished to and received

---

[1] The Act was further revised in 1989 with revisions not taking effect until January 1, 1991. *See* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex. Gen. Laws 1, 115.

by Mensch; therefore, Mensch cannot present his claim to the Division for adjudication, nor can he seek a judgment in court. The Division argues Mensch must first receive and pay for the additional dental work, and then exhaust his administrative remedies by submitting the claim to the Division for a determination of whether the treatment is related to his compensable injury and whether the cost of the treatment is reasonable and necessary. The Division concludes that because Mensch did not exhaust his administrative remedies, the trial court lacks jurisdiction over his claims.

Mensch, on the other hand, relies on section 7 of Article 8306, which, in pertinent part, provided as follows: "The employee shall have the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic services, hospital services, and nursing and the association shall be obligated for same *or, alternatively, at the employee's option, the association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury.*" TEX. REV. CIV. STAT. ANN. art. 8306, § 7, repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991 (West Supp. 1994). Mensch argues section 7 (1) provides him with medical services for life, (2) requires State Farm to "furnish" his medical care, (2) does not require him to bear the cost of his treatment and then seek reimbursement, and (4) at most, State Farm could only contend the charges were not reasonable and necessary.[2]

To resolve the issue on appeal, we turn to the interplay between Article 8306, section 7, and Article 8307, section 5.[3] Before 1957, Article 8306, section 7, provided, generally, that the

---

[2] In his brief, Mensch refers to State Farm, but State Farm is not a party to this appeal.

[3] None of the cases on which Mensch relies support his argument. Mensch cites to *Employers Mutual Casualty Co. v. Poorman*, 428 S.W.2d 698, 701 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.) for the proposition that his

- 4 -

insurer should furnish reasonable medical and hospital services for an injured worker during the first four weeks following injury and, on proper weekly certificates, should furnish additional medical services for a total period not exceeding ninety-one days and additional hospital services for a total period not exceeding 180 days. *See Tex. Cas. Ins. Co. v. Beasley*, 391 S.W.2d 33, 39 (Tex. 1965) (op. on reh'g). In 1957, section 7 was amended to remove the time limitation on the insurer's liability for medical and hospital services and the need for weekly certificates. *Id.* The Act of 1957 also added a new paragraph to Article 8307, section 5, which stated:

> Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of the law, shall include in such Award or Judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final Award or Judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said Award or Judgment. After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or

argument on appeal was "adopted by this Court when it held that judgments cannot extinguish the 'obligation of the association to furnish or pay for such items after the date of said award or judgment.'" That was not the holding of the court, but instead, is a portion of section 5 quoted by this court. The *Poorman* court actually held as follows: "The right to recover for necessary medical services after the trial is a valuable benefit under said Act which is limited by the safeguard that recovery is limited to the services actually furnished. The amount recoverable for these services is determined after same are furnished. To make certain that the employee will receive all of his required future medical services, the Legislature expressly directed that the award or judgment include only the expenses for medical services received prior to entry of same. Under the plain wording of Sec. 5, Art. 8307, the judgment entered in this case should not have included an item for the reasonable cost of future hospital and medical services." *Id.* at 701. Another case cited by Mensch, *Texas Employers Insurance Association v. Chappell*, 494 S.W.2d 159 (Tex. 1973), dealt with notice, and the employee had already incurred the expenses. Finally, *Pearce v. Texas Employers Insurance Association*, 403 S.W.2d 493 (Tex. Civ. App.—Dallas 1966), *writ ref'd n.r.e.*, 412 S.W.2d 647 (Tex. 1967), dealt with a compromise settlement agreement and held section 5 had no application to compromise settlement agreements approved by the Board pursuant to Article 8301, section 12.

prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction in the same manner as provided in the case of other awards under this law.

TEX. REV. CIV. STAT. ANN. art. 8307, § 5.

"[T]hese 1957 amendments require the insurer to furnish all medical services as may reasonably be required to cure and relieve the employee from the effects naturally resulting from his injury, but . . . Section 5, Art. 8307, prohibits the rendition of an award of judgment for future medical expenses in a workmen's compensation case." *Employers Mut. Cas. Co. v. Poorman*, 428 S.W.2d 698, 701 (Tex. App.—San Antonio 1968, writ ref'd n.r.e.). The section 5 safeguards, embodied in the "res judicata provisions," provide that no award or judgment is authorized for such additional expenses unless and until the services are actually furnished. *Id.* Specifically, section 5 provides that the first final award or judgment rendered on an employee's claim shall be res judicata (1) on the issue of the insurer's liability for all such costs or expenses that could have been claimed up to the date of the first final award or judgment, and (2) on the issue that the employee's injury is subject to the provisions of this law with respect to such items. TEX. REV. CIV. STAT. ANN. art. 8307, § 5. However, the first final award or judgment shall not be res judicata of the insurer's obligation to furnish or pay for any such items after the date of the first final award or judgment. *Id.* As to any costs or expenses after the date of the first final award or judgment, section 5 gives the Division "continuing jurisdiction" to render "successive awards" for future medical expenses. *Id.*; *see also Pearce v. Tex. Employers Ins. Ass'n*, 403 S.W.2d 493, 498 (Tex. Civ. App.—Dallas 1966) *writ ref'd n.r.e.*, 412 S.W.2d 647 (Tex. 1967). This ensures the employee will be able to obtain medical care and related expenses after the final judgment.

However, to safeguard the insurer, the "res judicata provisions" provide that the employee is not entitled to receive successive awards for future medical expenses until the cost or expense

of any future medical care is actually furnished to and received by the employee before the date of any successive award. *See Poorman*, 428 S.W.2d at 701. Thus, the obvious purposes of the paragraph added to section 5 of Article 8307 was to (1) implement the unlimited medical and hospital provisions of section 7 of Article 8306; and (2) provide certain safeguards for both the employee and the insurer. *Poorman*, 428 S.W.2d at 701; *Pearce*, 403 S.W.2d at 498.

As noted previously, there is no dispute that the "old" workers' compensation law applies here because Mensch was injured in 1980. We conclude that, under the "old" law, Mensch is not entitled to recover a judgment for any expenses he has not actually incurred. The first final award by the Division on October 19, 2011, is res judicata as to medical care and related expenses Mensch incurred prior to this date. After this date, the Division has continuing jurisdiction to render successive awards to determine the cost or expense of any further medical care actually furnished to and received by Mensch "not more than six (6) months prior to the date of each such successive award, until the [insurer] shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which [Mensch] may be entitled . . . ." TEX. REV. CIV. STAT. ANN. art. 8307, § 5.

Based on the provisions of Article 8307, section 5, Texas courts have long held that trial courts do not have original jurisdiction over claims and disputes arising out of on-the-job injuries. *See Employers' Indem. Corp. v. Woods*, 243 S.W. 1085, 1087 (Tex. Comm'n App. 1922); *Starnes v. Tex. Employers' Ins. Ass'n*, 549 S.W.2d 46, 47 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.). Thus, a party must pursue its administrative remedy first at the agency level, before seeking relief in the district court. *See Johnson v. American Gen. Ins. Co.*, 464 S.W.2d 83, 84 (Tex. 1971). The failure to obtain an administrative ruling on an issue arising under the workers' compensation statute prevents a party from later invoking the jurisdiction of the court to resolve the issue. *Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 77 (Tex. App.—Dallas 1995, writ

denied); *Paradissis v. Royal Indem. Co.*, 496 S.W.2d 146, 150 (Tex. Civ. App.—Houston [14th Dist.] 1973), *aff'd*, 507 S.W.2d 526 (Tex. 1974); *Pacific Indem. Ins. Co. v. Liberty Mut. Ins. Co.*, 834 S.W.2d 91, 93 (Tex. App.—Austin 1992, no writ). The requirement that an employee must exhaust administrative remedies before seeking relief from a district court applies even after the insurer's liability for future benefits has been established. *See Paradissis*, 507 S.W.2d at 529-30 (affirming dismissal of action in district court for failure to exhaust administrative remedies as to continuing medical services).

In this case, Mensch sought from both the Division and the trial court an adjudication of medical care expenses he has not yet incurred. The "old" workers' compensation law requires Mensch to first receive the sought-after medical care and incur the related expenses. If the insurer refuses to pay some or all of the expenses, Mensch must then pursue administrative remedies before he may pursue a judicial remedy. Because Mensch did not pursue his administrative remedies, the trial court lacked jurisdiction over his claims against the Division. Accordingly, the trial court erred by denying the Division's plea to the jurisdiction.

## CONCLUSION

Because the trial court did not have subject-matter jurisdiction, we reverse the trial court's order denying the Division's plea to the jurisdiction and render judgment dismissing Mensch's claims against the Division.

Sandee Bryan Marion, Chief Justice