# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00300-CV

**Adrian Tijerina, Appellant**

**v.**

**Texas Property Casualty Insurance Guaranty Association as
Receiver for SIR Lloyd's Insurance Company and the
Texas Department of Insurance, Division of Workers' Compensation, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-12-003710, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Adrian Tijerina appeals from the trial court's order granting pleas to the jurisdiction filed by Texas Property Casualty Insurance Guaranty Association as Receiver for SIR Lloyd's Insurance Company (the Association) and the Texas Department of Insurance, Division of Workers' Compensation (the Division), and dismissing his case for lack of jurisdiction. In two issues, Tijerina contends that the case was erroneously transferred to Travis County district court from Ector County district court, where suit was originally filed, and that the Travis County district court erred by granting the pleas to the jurisdiction and dismissing his case. We will affirm.

## BACKGROUND

Tijerina sustained an injury to his back while working at an Albertson's grocery store in 1987. Tijerina submitted his claim for workers' compensation benefits to the Industrial

Accident Board.[1] Dissatisfied with the Board's award, Tijerina filed a petition in Ector County district court seeking a trial de novo. In 1989, Tijerina obtained a judgment against his employer's workers' compensation carrier awarding him lost wages in the amount of $32,753.99.[2] The judgment also ordered that Tijerina "is entitled to future medical benefits as set forth under the workers' compensation laws of the State of Texas for the remainder of his life."

In June 2012, Tijerina filed a petition in Ector County district court alleging causes of action against the Association and the Division apparently related to his belief that surgery was required to improve the condition of his back. Tijerina alleged that the suit was one "to enforce an existing judgment from Ector County," specifically the 1989 judgment rendered by the Ector County district court. Tijerina alleged that the Association "has failed to provide medical benefits and pay for medical expenses as ordered by this judgment. Plaintiff sues to enforce this judgment." With respect to the Division, Tijerina sought a declaratory judgment that the Division "improperly refused jurisdiction over the medical benefits claim of Plaintiff and that the DWC at all times relevant had jurisdiction to make the determination that Plaintiff was entitled to the medical benefits he has improperly been denied." The Division and the Association each filed a plea to the jurisdiction seeking dismissal of Tijerina's claims on the ground that he had failed to exhaust his administrative

---

[1] The former Industrial Accident Board later became the Texas Workers' Compensation Commission. In 2005, the legislature abolished the Texas Workers' Compensation Commission and transferred its functions to the Texas Department of Insurance, Workers' Compensation Division. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607-08.

[2] The parties to the judgment were Tijerina and SIR Lloyd's Insurance Company. SIR Lloyd's was subsequently placed into receivership and declared impaired. The Association is a statutorily created entity whose purpose is to pay "covered claims" of impaired insurance companies doing business within the state. *See generally* Tex. Ins. Code §§ 462.001-.351.

2

remedies at the Division before filing suit.  The Division also asserted that sovereign immunity barred any claim for declaratory relief, Tijerina's claims were not ripe, and his request for declaratory relief was duplicative of available administrative relief.  The Association also filed a motion to transfer venue, asserting that under the Texas Insurance Code, mandatory venue for Tijerina's suit was in Travis County.  The Ector County district court granted the Association's motion and transferred the case to Travis County district court.  *See* Tex. Ins. Code § 462.017(b) ("Venue in a suit by or against the commissioner or association relating to an action or ruling of the commissioner or association under this chapter is in Travis County.").

In October 2012, while his suit was pending in Travis County, counsel for Tijerina filed an application with the Division for a pre-hearing conference.  The application stated that the ground for requesting the conference was that the Association was "refusing to provide post-judgment medical treatment."  Nothing in the plaintiff's petition or in his briefing to this Court identifies the nature of the "medical treatment" Tijerina claims to have been denied.  There is no evidence of any medical expenses incurred by Tijerina that the Association has refused to pay.  Nor is there any evidence that any health-care provider submitted a claim for payment to the Association that the Association denied, or that any health-care provider requested pre-authorization from the Association to perform any procedure on Tijerina.  The most that we can surmise from the record is that Tijerina wanted the Association to pre-authorize or in some manner commit to pay medical expenses associated with back surgery.[3]

---

[3] We base this supposition on a notation on the Division's benefits review conference sheet that states: "Need order for back surgery," the contents of the Division's file for Tijerina's workers' compensation claim, and counsels' arguments at the hearing on the plea to the jurisdiction, which indicate that Tijerina wanted to undergo back surgery.

The Division held a benefits review conference in late October 2012 at which it informed Tijerina that it did not have jurisdiction to grant him the relief he sought. The Division took the position that, in a workers' compensation case governed by the "old law," once the employee has secured an award or judgment, the Division's jurisdiction thereafter with respect to requests for post-judgment medical benefits is limited to rendering an award to determine the carrier's liability for the cost or expense of items actually furnished to and received by Tijerina.[4] Because Tijerina had not incurred any costs or expense and the requested medical procedure—back surgery—had not been furnished to or received by Tijerina, the Division maintained that it did not have the authority to consider Tijerina's requested relief.

In April 2013, the Travis County district court granted the Association's and the Division's pleas to the jurisdiction and dismissed the case. Tijerina then perfected this appeal.

## DISCUSSION

### *Transfer of Venue*

In his first issue, Tijerina asserts that the Ector County district court erred by transferring the suit to Travis County. The Association had requested the transfer based on Texas Insurance Code section 462.017(b), which provides: "Venue in a suit by or against the commissioner or association relating to an action or ruling of the commissioner or association under this chapter is in Travis County." *Id.* § 462.017(b). On appeal, Tijerina argues that the 70th Judicial District

---

[4] There is no dispute that Tijerina's claim is governed by the Workers' Compensation Act in effect at the time of his injury in 1987. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Reyna*, 897 S.W.2d 777, 778 (Tex. 1995) (applying version of the Workers' Compensation Act in effect at the time of the injury, not version in effect at time of suit).

4

Court of Ector County had mandatory and exclusive jurisdiction over his suit because it was brought to "enforce" a prior judgment rendered by that court. We disagree.

Tijerina's claim against the Association cannot correctly be characterized as a suit to enforce the trial court's 1989 judgment. Tijerina's current claim against the Association arises out of its alleged failure to pay for or commit to pay for back surgery that Tijerina requested at least 20 years after the 1989 judgment was rendered. The 1989 judgment does not purport to order the workers' compensation carrier to pay any claim for medical benefits Tijerina might make in the future. Rather, it requires the carrier to provide Tijerina with post-judgment benefits *that he is entitled to under the workers' compensation laws* of the State of Texas. The Association has not taken the position that it is not obligated to provide qualifying medical benefits. Rather, the dispute here is whether the costs and expenses of the back surgery Tijerina desires to undergo constitute such benefits.

Under the old workers' compensation law, while an insurer was required to furnish all medical services reasonably required to cure and relieve the employee from the effects naturally resulting from his injury, a court rendering judgment in favor of an injured worker in his suit against his insurance carrier was prohibited from including in the judgment an award for any cost or expense of medical services not actually furnished to and received by the employee prior to the date of the judgment. *See* Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen. Laws 269 (repealed 1989) (current version of Texas Workers' Compensation Act at Tex. Lab. Code ch. 408); *Employers Mut. Cas. Co. v. Poorman*, 428 S.W.2d 698, 701 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.). The judgment was res judicata on the issue of the insurer's liability for costs and expenses that could have been claimed up to the date of the judgment, but not on the insurer's obligation to

5

pay for medical services or other items compensable under the Workers' Compensation Act after the date of judgment. Instead, the Division retained continuing jurisdiction to render successive awards for medical expenses incurred in the future (post-judgment). *Id.* This ensured that the employee would be able to seek and obtain reimbursement for compensable medical services and related expenses incurred after a final judgment. The old workers' compensation law article 8307 section 5 provided that the employee is entitled to receive a successive award for compensable costs or medical expenses "actually furnished to or received by" the employee in the future. *Id.*; *see also Texas Dep't of Ins. Div. of Workers' Comp. v. Mensch*, No. 04-14-00449-CV, 2015 WL 179272, at *4 (Tex .App.—San Antonio Jan. 14, 2015, no pet. h.) ("We conclude that, under the 'old' law, [an injured employee] is not entitled to recover a judgment for any expenses he has not actually incurred."). Thus, provision of the medical service or other item to the employee had to precede the Division's determination regarding the insurer's liability for that service or item. Consistent with the statute's directive, the Ector County court's 1989 judgment did not award Tijerina a set amount of monetary damages for future medical expenses, but simply stated that he is entitled to future medical benefits in accordance with the workers' compensation laws for the remainder of his life.

The Ector County court did not have before it, and thus did not adjudicate, whether the medical benefit Tijerina now seeks—payment for the cost and expense of back surgery more than 20 years later—is a compensable medical benefit under the workers' compensation laws. Thus there has been no prior adjudication that the Association is required to provide this particular medical benefit that any court could be asked to enforce. *See New Jersey Bank (N.A.) v. Knuckley*, 637 S.W.2d 920, 921 (Tex. 1982) (test to determine if pleading constitutes suit to enforce prior

judgment, as opposed to new suit, is whether suit seeks to litigate new issues and controversies not attempted to be litigated in prior suit); *Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1233 (Tex. Civ. App.—Dallas 1938, writ dism'd) (suit not one to enforce judgment when judgment plaintiff purports to be enforcing does not grant any relief sought in subsequent proceeding, subsequent proceeding requires resolution of fact issues, and judgment rendered in subsequent proceeding could be appealed by either party). The trial court did not err in transferring the suit to Travis County, the mandatory venue for a suit arising out of actions taken by the Association. We overrule Tijerina's first issue.

***Dismissal for Lack of Jurisdiction***

We next consider whether the trial court erred in dismissing Tijerina's claim against the Division for lack of jurisdiction.[5] In his original petition, Tijerina requested that the trial court declare that the Division had the authority to determine whether he was entitled to the medical benefits he sought from the Association. Specifically, the original petition stated:

> Plaintiff sues for Declaratory Judgment and seeks a declaration that [the Division] improperly refused jurisdiction over the medical benefits claims of Plaintiff and that [the Division] at all times relevant had jurisdiction to make the determination that Plaintiff was entitled to the medical benefits he has been improperly denied.

Although he does not cite the statute, suits for declaratory relief are brought under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011. State

---

[5] We review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In our review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See id.* If the pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant the plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227.

7

agencies, such as the Division, are immune from suits under the UDJA unless the legislature has waived immunity for the particular claim at issue. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (2011). The UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his right under a statute or some other law. *Id.* at 621 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009)). A state agency may be a proper party to a declaratory judgment action that challenges the validity of a statute, *see id.* at 373 n.6, but Tijerina does not challenge the validity of any statute; rather, he challenges the Division's actions taken pursuant to Texas workers' compensation laws. Tijerina has not identified any provisions of the UDJA that waive immunity for this claim, and the trial court properly granted the Division's plea to the jurisdiction.[6]

Even were we to liberally construe Tijerina's petition as one seeking judicial review of the Division's disposition of his request for medical benefits, dismissal would still be appropriate because Tijerina has failed to exhaust his administrative remedies by securing an agency determination regarding the compensability of his requested medical benefits. *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529-30 (Tex. 1974) (affirming dismissal of action in district court for

---

[6] Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Thus a suit seeking declaratory relief for *ultra vires* action may be brought against a state official in his official capacity. *Id.* at 371-72. Although Tijerina has not sued any state officials, the relief he seeks is directly related to whether the Division employees acted outside the scope of their authority by not making a determination of his medical-benefits request and thus falls within the *ultra vires* rationale. *See id.* at 372 (under *ultra vires* exception claims may be brought against state official who has acted without legal or statutory authority or has failed to perform purely ministerial act). However, any such claim, even if asserted by Tijerina, would fail because, as set forth in this opinion, the Division officials' actions comported with the applicable statutes and administrative rules.

8

failure to exhaust administrative remedies as to continuing medical services). To the extent Tijerina was seeking approval of specific costs or expenses related to back surgery, the Division's jurisdiction over claims for compensation made after the trial court rendered the 1989 judgment is limited. *See* Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen. Laws 269 (repealed 1989) (current version of Texas Workers' Compensation Act at Tex. Lab. Code ch. 408). According to article 8307 section 5 of the "old law," once the first award or judgment in a workers' compensation case has been made, the Division:

> shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items *actually furnished to and received by* said employee . . . .

*Id.* (emphasis added). Thus, after the 1989 judgment, the Division had the authority to consider Tijerina's claims for further compensation only if, after medical services have been provided to the claimant, the insurance company either refused to pay or reduced the amount of the requested payment. Consequently, to exhaust his administrative remedies, Tijerina must first have the surgery and then submit the claim to the Division. The Division's decision regarding the compensability of that claim would then be subject to judicial review. *See Mensch*, 2015 WL 179272 at *4 ("old" workers' compensation law requires claimant to first receive sought-after medical care before he can exhaust administrative remedies by requesting that Division order carrier to pay costs or expenses thereof). Tijerina has not submitted to the Division any documentation or other evidence of unpaid bills for medical services actually furnished to or received by Tijerina. Tijerina has therefore failed to exhaust his administrative remedies regarding any claim for unpaid medical benefits.

9

To the extent Tijerina was seeking a determination from the Division that back surgery would, once performed, be compensable, Tijerina has likewise failed to exhaust his administrative remedies by obtaining a Division determination that he is entitled to that medical benefit under applicable workers' compensation law. Article 8306 section 7 of the workers' compensation law in effect at the time of Tijerina's injury provided that "the association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter *to cure and relieve from the effects naturally resulting from the injury.*" *See* Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen. Laws 269 (repealed 1989) (emphasis added). Specific to requests for surgery, article 8306 section 12e provided:

> If it be shown by the examination, report of facts and opinions of experts, all reduced to writing and filed with the board, that such operation is advisable and will relieve the condition of the injured employee or will materially benefit him, the board shall so state in writing  . . . .

*Id.* The Division's administrative rules further provided:

> (a) Demand for surgery by the claimant or by the insurance carrier shall be accompanied by a medical report which establishes, regardless of specific words used, that:
>
>> (1) in reasonable medical probability the requested surgical procedure will either effect a cure or will materially and beneficially improve and relieve the claimant's condition; and
>>
>> (2) the surgery is medically advisable.
>
> (b) In addition to the medical reports described in subsection (a) of this section, the party demanding the surgery shall simultaneously file with the board all other medical reports pertinent to the injury or disease at issue.

28 Tex. Admin. Code § 41.145 (1988) (Tex. Workers' Comp. Comm'n, Reports Accompanying Demand for Surgical Operation). Thus, in order to secure a determination from the Division that the costs and expenses related to a surgical operation were compensable, Tijerina was required to submit to the Division the written opinion of a medical professional that the surgery would materially and beneficially improve and relieve his condition. Tijerina does not allege in his petition that he provided the Division with the required documentation, nor have we found in the record a report from a medical professional recommending that Tijerina undergo back surgery such that the Division was in a position to consider the compensability of any related costs or expenses. A notation on the benefits review conference sheet states: "Need order for back surgery." If Tijerina's petition could be construed as complaining that the Division did not consider his request for a determination that the costs and expenses of back surgery would be compensable, he has again failed to exhaust his administrative remedies. Thus, even were we to treat Tijerina's claim against the Division as a suit for judicial review rather than a request for declaratory judgment, the trial court correctly dismissed the claim for lack of jurisdiction.

We next consider whether the trial court erred in dismissing Tijerina's claim against the Association. Ripeness is a component of subject-matter jurisdiction. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). To evaluate ripeness, courts consider "whether, at the time a lawsuit is filed, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) (quoting *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). "A case is not ripe when determining whether the plaintiff has a concrete injury

11

depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.*; *see also Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (trial court cannot grant relief based on "a hypothetical situation which might or might not arise at a later date"). Ripeness, like standing, "is a threshold issue that implicates subject matter jurisdiction, and like standing, emphasizes the need for a concrete injury for a justiciable claim to be presented." *Patterson*, 971 S.W.2d at 442 (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).

Tijerina alleges that the Association has failed to comply with the 1989 judgment by refusing to provide him medical benefits he is entitled to receive pursuant to that judgment. As noted above, the judgment provides that Tijerina is entitled to "future medical benefits *as set forth under the workers' compensation laws* of the State of Texas for the remainder of his life." Thus, for the Association's alleged failure to provide him medical benefits to be contrary to the trial court's order and thus arguably an actionable injury ripe for adjudication, the medical benefits being denied must have been compensable under the applicable laws governing a workers' compensation claim. The Division, not the trial court, has exclusive jurisdiction to determine compensability because the Workers' Compensation Act vests the power to determine whether a claimant is entitled to workers' compensation solely in the Division subject to judicial review. *See Henry v. Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002) (citing *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001)). In *Henry*, the court held that a trial court could not adjudicate an employee's claim for bad faith denial of workers' compensation benefits because it required, as a threshhold matter, making the determination that the employee was entitled to benefits and resolution of that question was within the Division's exclusive jurisdiction, subject to judicial review. *Id.*; *see also*

12

*Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996) (stating Workers' Compensation Act vests power to award workers' compensation benefits solely in Commission, subject to judicial review).

The Division did not conduct an administrative hearing on the compensability issue because, as explained above, it lacked the authority to make the requested determination. Whether Tijerina is entitled to medical benefits in the form of back surgery has not yet been decided and is contingent on the Division's determination of that issue. Consequently, whether the Association's alleged failure to provide Tijerina with that benefit violated the 1989 judgment is not yet ripe for adjudication. The trial court properly dismissed this claim for lack of subject-matter jurisdiction. We overrule Tijerina's second appellate issue.

## CONCLUSION

Having overruled Tijerina's two appellate issues, we affirm the trial court's order of dismissal.

_____

Scott K. Field, Justice

Before Justices Pemberton, Field, and Bourland

Affirmed

Filed:   February 26, 2015

13